**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

United States of America,

Plaintiff,

v.

Anthony Henry Williams,

Defendant.

No. CR-21-00722-001-PHX-MTL

**ORDER**

Pending before the Court are Defendant Anthony Williams' Motion to Vacate Judgment (Doc. 293), Motion to Preserve Assets (Doc. 294), and Motion to Vacate Estate Administration (Doc. 297).

**I.**

On January 13, 2023, a jury convicted Mr. Williams of one count of conspiracy, one count of mail fraud, seven counts of false claims, and eight counts of transactional money laundering. (Doc. 177.) The Court sentenced Mr. Williams to a 48-month term of imprisonment followed by 3 years on supervised release. (Doc. 223.) The Ninth Circuit affirmed his convictions and sentences. (Doc. 278.) Since his conviction, Mr. Williams has filed several motions. (*See* Docs. 184, 226, 239, 253, 268, 282, 286.) Except for a motion to withdraw as counsel and a motion to unseal documents, the Court has stricken or denied each of Mr. William's motions, primarily on the grounds that the motions are incomprehensible, frivolous, and lack a basis in law. (*See* Docs. 208, 254, 257, 258, 291.)

On December 3, 2025, the Court granted the government's Motion for Final Order

of Forfeiture. (Doc. 290.) The Final Order of Forfeiture vested title to certain property to the federal government. (*Id.*)

Mr. Williams then filed a "Notice of Supplemental Statement Regarding Estate, Trust, Forfeiture and Lien Matters," purporting to provide "clarification of the real party in interest as it pertains to title, ownership, and lien responsibility." (Doc. 292.) He states that the property forfeited "is/was titled in the name of Anthony Williams, Trust/Estate," and that the real party in interest concerning ownership and responsibility for taxes is ANTHONY HENRY WILLIAMS, ESTATE." (*Id.*)

Mr. Williams then filed a motion, asking this Court to vacate its prior Final Order of Forfeiture because "[t]he forfeiture was enforced against an 'estate.'" (Doc. 293.) Since an estate forms only after the death of a decedent and he is alive, Mr. Williams argues that "the entity against which forfeiture was enforced did not exist as a matter of law." (*Id.* at 2.) He further argues that the Final Order of Forfeiture does not properly name a living person and that "[p]roceeding as though a living person were deceased deprives that person of due process and renders the judgment void." (*Id.* at 3.)

Mr. Williams also filed a motion to "[p]reserve all assets subject to the pending Rule 60(b)(4) Motion" and a motion to vacate "all orders establishing or continuing the estate administration" and to "[r]evoke and terminate any Letters of Administration issued in this matter." (Doc. 294.)

**II.**

Mr. Williams' motions are not directed at anything the Court ordered. The Final Order of Forfeiture forfeits Mr. Williams' interest in specific real and personal property and lists a series of name variants under which he has attempted to hold title. (Doc. 290.) Nowhere does the Order forfeit an "estate," reference probate, or purport to treat Mr. Williams as deceased. (*Id.*) The "estate" characterization on which his motions rest originates solely from his own filing in which he unilaterally asserts that the forfeited property was "titled in the name of Anthony Williams, Trust/Estate" and that "ANTHONY HENRY WILLIAMS, ESTATE" was the real property in interest. (Doc. 292.) Having

injected the word “estate” into these proceedings himself, Mr. Williams cannot now claim that the Court’s Order is void because it uses that term.

The Order forfeited Mr. Williams’ interest in the identified property under whatever name or designation he used to hold title to it. It did not adjudicate him deceased or open any probate estate. Because his Motion to Vacate Judgment (Doc. 293) is premised on a mischaracterization of an order that says nothing about an “estate,” and because his Motion to Preserve Assets (Doc. 294) and Motion to Vacate Estate Administration (Doc. 297) depend on the same faulty premise, all three motions are frivolous and will be denied.

**IT IS THEREFORE ORDERED** that Defendant’s Motion to Vacate Judgment (Doc. 293) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant’s Motion to Preserve Assets and Conditional Motion for Enforcement and Contempt (Doc. 294) is **DENIED**.

**IT IS FINALLY ORDERED** that Defendant’s Motion to Vacate Estate Administration (Doc. 297) is **DENIED**.

Dated this 3rd day of September, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge